**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PERSONALIZED MEDIA<br>COMMUNICATIONS, LLC,<br><br>　　　　　　　**Plaintiff,**<br><br>**v.**<br><br>FUNAI ELECTRIC CO., LTD.,<br>　　　　　　　**Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Personalized Media Communications, LLC ("PMC"), by way of this Complaint against Defendant Funai Electric Co., Ltd. ("Funai"), hereby alleges as follows:

## NATURE OF THE ACTION

1.　　This is an action under the patent laws of the United States, 35 U.S.C. § 100 *et seq.* for infringement by Funai of claims of U.S. Patent Nos. 7,747,217, 7,752,649, 7,752,650, 7,856,649, 8,675,775, and 8,711,885 (collectively referred to as the "Patents-in-Suit").

## PARTIES

2.　　Plaintiff PMC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 14090 Southwest Freeway, Suite 450, Sugar Land, Texas 77478.

3.　　On information and belief, Defendant Funai is a corporation organized and existing under the laws of Japan, with its principal place of business located at 7-7-1 Nakagaito,

Daito, Osaka 574-0013, Japan, and may be served pursuant to the provisions of the Hague Convention.  Funai is a leading manufacturer and seller of televisions in the United States.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Funai is subject to the personal jurisdiction of this Court because, *inter alia*, upon information and belief, (i) Funai has done and continues to do business in the state of Texas, and (ii) Funai has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in Texas.  In the alternative, this Court has personal jurisdiction over Funai pursuant to Fed. R. Civ. P. 4(k).

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, *inter alia*, on information and belief, (i) Funai has done and continues to do business in this district; (ii) Funai has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products in this district, and/or importing accused products into this district, including by Internet sales and sales via retail and wholesale stores; (iii) Funai is a foreign entity; (iv) this judicial district is familiar with the technology of the Patents-in-Suit, having presided over several lawsuits involving patents from the same patent family; and (v) this judicial district currently presides over another lawsuit involving one of the Patents-in-Suit and two other lawsuits involving the same six Patents-in-Suit.

## PATENTS-IN-SUIT

7.      On June 29, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,747,217 (the "'217 Patent"), entitled "Signal Processing Apparatus and Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '217 Patent is attached hereto as Exhibit A.

8.      On July 6, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,752,649 (the "'649 Patent"), entitled "Signal Processing Apparatus and Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '649 Patent is attached hereto as Exhibit B.

9.      On July 6, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,752,650 (the '650 Patent"), entitled "Signal Processing Apparatus and Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '650 Patent is attached hereto as Exhibit C.

10.     On December 21, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,856,649 (the "6'649 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the 6'649 Patent is attached hereto as Exhibit D.

11.     On March 18, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,675,775 (the "'775 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey

and James William Cuddihy.  A true and correct copy of the '775 Patent is attached hereto as Exhibit E.

12.     On April 29, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,711,885 (the "'885 Patent"), entitled "Signal Processing Apparatus And Methods," based upon an application filed by inventors John Christopher Harvey and James William Cuddihy.  A true and correct copy of the '885 Patent is attached hereto as Exhibit F.

13.     The Patents-in-Suit generally relate to methods and systems for digital signal processing.

14.     PMC owns all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery.

## FACTUAL ALLEGATIONS

### The Company

15.     PMC is a family-run company that was founded by inventor John Harvey.  PMC's Chairman, along with his co-inventor James Cuddihy, made numerous inventions in the early 1980s (collectively referred to hereinafter as "the Harvey Inventions") which have been the basis for nearly 100 patents.

16.     PMC is operated out of Sugar Land, Texas, and its intellectual property commercialization and licensing activities have created jobs, including the employment of a number of engineers and technical specialists, as well as management and counsel.

17.     PMC owns a ground-breaking portfolio of intellectual property that covers, among other things, the use of control and information signals in electronic media content to process the content and generate output that is personalized and relevant to a user and the

application of novel content protection techniques to protect against piracy.   PMC's patents also disclose and claim apparatus and processes that allow for content to be transmitted by a content provider in a highly flexible manner where the content and control signals can be varied in their timing, location, and/or composition.

18.     PMC attempted to commercialize the technology of the Harvey Inventions through internal development.   For example, between 1989 and 1992 the company developed and publicly disclosed a prototype that demonstrated, using television as a model, many of the personalization concepts and access control concepts of PMC's patented technology.

19.     The company also sought to partner with established companies to realize the vision of the patents by jointly developing, marketing, and manufacturing commercial embodiments of the PMC technology.   In the 1990s, PMC and its predecessor, Personalized Mass Media Corporation, made multiple attempts to market the Harvey Inventions by contacting a number of large technology companies.   PMC entered into agreements with industry leaders, including General Electric, to explore the possibilities of the technology, and also contracted with Sarnoff Labs to develop software implementing features of the Harvey Inventions and demonstrating the potential of the technology.

20.     Most of these established firms eventually declined to pursue the Harvey Inventions.   A few firms, however, including Starsight and Gemstar (now subsidiaries of Rovi), eventually became some of the first licensees to PMC's patent portfolio.

21.     Since those early years, the Harvey Inventions have received significant industry recognition, including being licensed by some of the most respected companies in the world. Numerous media and telecommunications companies use PMC's technology, including providers of electronic media content that is personalized and relevant to a particular user,

providers of devices to deliver that content to users, and providers of the networks that deliver the content.  Current licensees of PMC's patented technology include Sony, Motorola, Sharp, Panasonic, DirecTV, DISH Network, EchoStar, The Weather Channel, Gemstar-TV Guide (now a subsidiary of Rovi), Cisco, and Arris, among others.

22.     Over the years, PMC has consistently pursued a license-first approach to commercializing its intellectual property.  PMC considers litigation to be a last resort, employed only after it is apparent that a commercially reasonable license is unobtainable through negotiations.  Indeed, the present action was commenced only after a lengthy series of licensing discussions with Vizio failed to produce a commercially reasonable licensing offer.

23.     PMC has only litigated its own patents.  PMC has never sought to litigate or otherwise enforce a patent purchased from a third party.  The patented inventions that PMC seeks to enforce in this case, and in every other case PMC has been forced to initiate, are the fruits of PMC's inventors, John Harvey and James Cuddihy.

24.     Indeed, PMC has been involved in only a limited number of litigations in its twenty year licensing program.  Simply put, suing numerous companies for small amounts is not and has never been PMC's business model.

**Defendant and the Accused Products**

25.     As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

26.     Upon information and belief, including based on products identified on Funai websites and described in Funai's manuals, Funai makes, uses, offers to sell, and/or sells in the United States, and/or imports into the Unites States, products made in accordance with the Patents-in-Suit, including, but not limited to, high definition televisions ("HDTVs").

27.    Upon information and belief, Funai actively and knowingly directs, causes, induces and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, products made in accordance with the Patents-in-Suit, including, but not limited to, the Funai HDTVs, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.

28.    An exemplary, but not exhaustive, list of the Funai HDTVs made in accordance with the Patents-in-Suit is attached as Exhibit G hereto.

**Notice of Infringement**

29.    On August 10, 2012, PMC sent a package of materials to Funai's subsidiary, Funai Corporation, Inc., located in Torrance, California. This package of materials included claim charts indicating infringement of several of the Patents-in-Suit, including the '217,'649, '650, and 6'649 Patents, by Funai products.

30.    For the next two and a half years, PMC and Funai engaged in protracted efforts to discuss infringement and possible licensing of PMC's patents, including the '217,'649, '650, and 6'649 Patents.  Indeed, PMC representatives met with Funai representatives in Japan no fewer than nine times to facilitate these discussions.

31.    On June 29, 2015, Funai filed a lawsuit against PMC in the United States District Court for the District of Delaware, seeking a declaratory judgment that its products do not infringe the '217,'649, and '650 patents, and that the claims of these patents are invalid and

unenforceable.   Complaint, *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*, Civil Action No. 15-558-RGA (D. Del. June 29, 2015), ECF No. 1.

32.      On September 25, 2015, PMC filed a motion to dismiss Funai's action pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing lack of personal jurisdiction.   Motion to Dismiss, *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*, Civil Action No. 15-558-RGA (D. Del. Sept. 25, 2015), ECF No. 10.   The District Court for the District of Delaware granted PMC's motion on January 29, 2016, and dismissed Funai's declaratory judgment complaint in its entirety.   Order Granting Motion to Dismiss, *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*, Civil Action No. 15-558-RGA (D. Del. Jan. 29, 2016), ECF No. 21.

33.      In view of the above, Funai received actual notice of at least the '217,'649, '650, and 6'649 Patents, and of Funai's infringement thereof by the accused HDTV products, prior to this lawsuit.

34.      Funai has notice of the '775 and '885 Patents at least as of the time of the filing of the complaint.

## COUNT I:  INFRINGEMENT OF THE '217 PATENT

35.      PMC incorporates the preceding paragraphs as if fully set forth herein.

36.      Upon information and belief, Funai has infringed at least claims 1, 2, 3, 4, 5, 7, 9, 11, 30, 31, 32, and 38 of the '217 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Funai HDTVs, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto.   Upon information and belief, Funai's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

37.      Upon information and belief, since having notice of the '217 Patent, Funai has induced infringement of at least claims 1, 2, 3, 4, 5, 7, 9, 11, 30, 31, 32, and 38 of the '217 Patent

pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Funai HDTVs made in accordance with the '217 Patent, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.  Upon information and belief, Funai's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

38.    Upon information and belief, Funai committed the foregoing infringing activities without license from PMC and with notice of the '217 Patent.

39.    Funai knew the '217 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly, and deliberating infringing the '217 Patent.  Accordingly, PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Funai's willful infringement of the '217 Patent.

40.    The acts of infringement by Funai have been with the knowledge of the '217 Patent and are willful, wanton, and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

41.    The acts of infringement by Funai will continue unless enjoined by this Court.

42.    PMC has been and will continue to be irreparably harmed and damaged by Funai's infringement of the '217 Patent and has no adequate remedy at law.

**COUNT II:  INFRINGEMENT OF THE '649 PATENT**

43.    PMC incorporates the preceding paragraphs as if fully set forth herein.

44.     Upon information and belief, Funai has infringed at least claims 1, 2, 3, 7, 8, 11, 12, 13, 22, 23, 24, 26, 27, 28, 29, 39, 40, 41, 42, 45, 48, 49, 50, 51, 62, 63, 64, 67, 78, 79, 80, 81, 82, 83, 84, 88, 89, 90, 91, 92, 93, 94, 97, and 98 of the '649 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Funai HDTVs, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto.  Upon information and belief, Funai's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

45.     Upon information and belief, since having notice of the '649 Patent, Funai has induced infringement at least claims 1, 2, 3, 7, 8, 11, 12, 13, 22, 23, 24, 26, 27, 28, 29, 39, 40, 41, 42, 45, 48, 49, 50, 51, 62, 63, 64, 67, 78, 79, 80, 81, 82, 83, 84, 88, 89, 90, 91, 92, 93, 94, 97, and 98 of the '649 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Funai HDTVs made in accordance with the '649 Patent, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.  Upon information and belief, Funai's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

46.     Upon information and belief, Funai committed the foregoing infringing activities without license from PMC and with notice of the '649 Patent.

47.     Funai knew the '649 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly, and deliberating infringing the '649 Patent.  Accordingly, PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Funai's willful infringement of the '649 Patent.

48.     The acts of infringement by Funai have been with the knowledge of the '649 Patent and are willful, wanton, and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

49.     The acts of infringement by Funai will continue unless enjoined by this Court.

50.     PMC has been and will continue to be irreparably harmed and damaged by Funai's infringement of the '649 Patent and has no adequate remedy at law.

## COUNT III:  INFRINGEMENT OF THE '650 PATENT

51.     PMC incorporates the preceding paragraphs as if fully set forth herein.

52.     Upon information and belief, Funai has infringed at least claims 1, 2, 3, 4, 9, 18, 32, and 33 of the '650 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Funai HDTVs, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto.  Upon information and belief, Funai's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

53.     Upon information and belief, since having notice of the '650 Patent, Funai has induced infringement of at least claims 1, 2, 3, 4, 9, 18, 32, and 33 of the '650 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import

into the United States, Funai HDTVs made in accordance with the '650 Patent, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.  Upon information and belief, Funai's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

54.     Upon information and belief, Funai committed the foregoing infringing activities without license from PMC and with notice of the '650 Patent.

55.     Funai knew the '650 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly, and deliberating infringing the '650 Patent.  Accordingly, PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Funai's willful infringement of the '650 Patent.

56.     The acts of infringement by Funai have been with the knowledge of the '650 Patent and are willful, wanton, and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

57.     The acts of infringement by Funai will continue unless enjoined by this Court.

58.     PMC has been and will continue to be irreparably harmed and damaged by Funai's infringement of the '650 Patent and has no adequate remedy at law.

## COUNT IV:  INFRINGEMENT OF THE 6'649 PATENT

59.     PMC incorporates the preceding paragraphs as if fully set forth herein.

60.     Upon information and belief, Funai has infringed at least claims 9 and 10 of the 6'649 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Funai HDTVs, including, but not

limited to, the Funai HDTVs identified in Exhibit G hereto.  Upon information and belief, Funai's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

61.     Upon information and belief, since having notice of the 6'649 Patent, Funai has induced infringement at least claims 9 and 10 of the 6'649 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, audio and video integrators and consultants, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Funai HDTVs made in accordance with the 6'649 Patent, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.  Upon information and belief, Funai's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

62.     Upon information and belief, Funai committed the foregoing infringing activities without license from PMC and with notice of the 6'649 Patent.

63.     Funai knew the 6'649 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly, and deliberating infringing the 6'649 Patent.  Accordingly, PMC's damages should be trebled pursuant to 35 U.S.C. § 284 because of Funai's willful infringement of the 6'649 Patent.

64.     The acts of infringement by Funai have been with the knowledge of the 6'649 Patent and are willful, wanton, and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling PMC to its reasonable attorney's fees and litigation expenses.

65.     The acts of infringement by Funai will continue unless enjoined by this Court.

66.     PMC has been and will continue to be irreparably harmed and damaged by Funai's infringement of the 6'649 Patent and has no adequate remedy at law.

## COUNT V:  INFRINGEMENT OF THE '775 PATENT

67.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

68.     Upon information and belief, Funai has infringed at least claims 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, and 23 of the '775 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Funai HDTVs, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto.  Upon information and belief, Funai's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

69.     Upon information and belief, since at least the date of this complaint, Funai has induced infringement of at least claims 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, and 23 of the '775 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Funai HDTVs made in accordance with the '775 Patent, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.  Upon information and belief, Funai's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

70.     Upon information and belief, Funai has committed the foregoing infringing activities without license from PMC and with notice of the '775 Patent.

71.     The acts of infringement by Funai will continue unless enjoined by this Court.

72.     PMC has been and will continue to be irreparably harmed and damaged by Funai's acts of infringement of the '775 Patent and has no adequate remedy at law

**COUNT VI:  INFRINGEMENT OF THE '885 PATENT**

73.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

74.     Upon information and belief, Funai has infringed at least claims 1, 9, 10, 11, 12, 13, 14, 15, 17, 21, 23, 26, 27, 100, 102, 103, 105, and 106 of the '885 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States Funai HDTVs, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto.  Upon information and belief, Funai's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

75.     Upon information and belief, since at least the date of this complaint, Funai has induced infringement of at least claims 1, 9, 10, 11, 12, 13, 14, 15, 17, 21, 23, 26, 27, 100, 102, 103, 105, and 106 of the '885 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, Funai HDTVs made in accordance with the '885 Patent, including, but not limited to, the Funai HDTVs identified in Exhibit G hereto, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said Funai HDTVs.  Upon information and belief, Funai's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

76.     Upon information and belief, Funai has committed the foregoing infringing

activities without license from PMC and with notice of the '885 Patent.

77.     The acts of infringement by Funai will continue unless enjoined by this Court.

78.     PMC has been and will continue to be irreparably harmed and damaged by Funai's acts of infringement of the '885 Patent and has no adequate remedy at law

## PRAYER FOR RELIEF

WHEREFORE, PMC prays for judgment in its favor against Funai, and specifically, for the following relief:

A.      Entry of judgment in favor of PMC and against Funai on all counts;

B.      Entry of judgment that Funai has infringed the Patents-in-Suit;

C.      Entry of judgment that Funai's infringement of the '217,'649, '650, and 6'649 Patents has been willful;

D.      An order permanently enjoining Funai, together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, from infringing the Patents-in-Suit;

E.      An award of compensatory damages adequate to compensate PMC for Funai's infringement of the Patents-in-Suit, in no event less than a reasonably royalty, trebled as a result of willful infringement as provided by 35 U.S.C. § 284;

F.      PMC's reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285 or as otherwise permitted by law;

G.      PMC's costs;

H.      Pre-judgment and post-judgment interest on PMC's award, in an amount according to proof; and

H.      All such other and further costs and relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PMC hereby demands a trial by jury in this action of all claims so triable.

Dated: February 1, 2016

Respectfully submitted,

*/s/ S. Calvin Capshaw*
Arun S. Subramanian
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 471-8346
asubramanian@susmangodfrey.com

Joseph S. Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7820
jgrinstein@susmangodfrey.com

Meng Xi
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3158
mxi@susmangodfrey.com

Dmitry Kheyfits
KHEYFITS P.C.
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (212) 203-5399
dkheyfits@kheyfits.com

S. Calvin Capshaw
State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 East Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Attorneys for Plaintiff*
*Personalized Media Communications, LLC*