**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONALIZED MEDIA COMMUNICATIONS, LLC,**<br><br>        Plaintiff,<br><br>v.<br><br>**FUNAI ELECTRIC CO., LTD.; FUNAI CORPORATION, INC.; AND P&F USA, INC.**<br><br>        Defendants. | **Civil Action No.  2:16-v-105-JRG-RSP** |

## JOINT DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)    the correct names of the parties to the lawsuit;

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

 (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

 (e) any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

 (f) any settlement agreements relevant to the subject matter of this action; and

 (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

 (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

 (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

 (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

   (b)   produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

   (c)   provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**   **Protective Orders.**  The Court will enter the parties' Agreed Protective Order or such other proposed Protective Order should particular disputed provisions require resolution by the Court.

**5.**   **Discovery Limitations.**  The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

3

a)  <u>Interrogatories</u>: Each side will be permitted to propound twenty-five (25) interrogatories to the other side. "Side" means a party or a group of parties with a common interest.

b)  <u>Requests for Admission</u>: Each side may propound up to forty (40) requests for admission to the other side. There shall be no limit on the number of requests for admission related to authenticity. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations.

c)  <u>Depositions</u>:

   (1) Plaintiff may take up to forty-nine (49) hours of party depositions (including pursuant to Rule 30(b)(6)).

   (2) Plaintiff may take up to an additional twenty-one (21) hours of deposition of non-party witnesses.

   (3) Defendants, collectively, may take a combined total of up to forty-nine (49) hours of party depositions (including pursuant to Rule 30(b)(6)), where "party" depositions include testimony from the named inventors regardless of the association, if any, between Plaintiff and the named inventors.

   (4) Defendants, collectively, may take up to an additional forty (40) hours of deposition of non-party witnesses.

d)  <u>Deposition Length</u>: Each deposition pursuant to Rule 30(b)(1) shall be limited to seven (7) hours (on the record) per witness. Testimony provided by an individual witness under Rule 30(b)(6) does not count against the foregoing seven (7) hour

        limitation should the same individual be separately noticed for deposition pursuant to Rule 30(b)(1).

e)    If an interpreter is necessary for a deposition, one third of the deposition time shall not count against the hour limits set forth herein. Even so, no deposition may not exceed seven (7) hours (on the record) in one day, absent agreement of the parties. The deposition limits in c) and d) may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without the need for intervention by the Court.

f)    <u>Discovery of Third Parties</u>: The parties agree that there is no limit on the number of document subpoenas that may be served on third parties and no limit of the number of depositions on written questions of custodians of business records of third parties. The parties agree to produce documents to all counsel within seven (7) days of receipt of the documents from the third party. In addition, the parties agree to work with each other in scheduling third party depositions and will cooperate to ensure that a third party deposition is scheduled at least seven (7) days after the party scheduling the deposition provides the other party with copies of any documents received from that third party.

g)    <u>Expert Witnesses</u>: Each side is allowed up to four (4) experts. The number of experts may be modified by agreement of the parties or further order of the Court as the case develops, provided however that the parties shall meet and confer in a

>
> good faith attempt to resolve the issue without the need for intervention by the Court.
>
> Depositions of expert witnesses shall be limited to seven (7) hours (on the record) per witness. For the sake of clarity, the time for deposition of experts shall not count against the time limits set forth in § 5(c), above.
>
> h)   <u>Modification</u>: Reasonable Modifications: The parties recognize that this proceeding is still in a preliminary stage and that discovery has not yet commenced. The limitations contained in this order may be modified by agreement of the parties subject to approval of the court or by motion to the court with the burden on the party seeking modification. Accordingly, the parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Furthermore, to the extent the parties are unable to reach agreement; any party may move to modify these limitations for good cause. Any party may later move to modify these limitations for good cause.

6. **Privileged Information.**   There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond

to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**
    (a)  Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should

        be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

  (b)    In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must comply with the Court's "Standing Order Regarding 'Meet and Confer' Obligations Relating to Discovery Disputes".

  (c)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.**    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent Court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.**    **Filings**.  Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

**12.**    **Proposed Stipulations by the Parties Regarding Discovery:**

  (a)    Notwithstanding paragraph 6 of this Order, the parties shall not be required to list

on their respective privilege logs attorney–client communications or litigation-related work product created on or after the filing of the present lawsuit June 29, 2015. The parties shall not be required to log communications or work product pertaining to other litigations, except to the extent that such communications relate to Funai in the case of PMC or PMC in the case of Funai.

(b) Notwithstanding paragraph 7 of this Order, the parties may exchange disclosures by electronic mail or by any other agreed-upon means.

(c) Notwithstanding paragraph 9 of this Order, the parties may fulfill the requisite discovery conference by certification that a telephonic conference involving lead and local counsel for all parties to the discovery dispute was held.

(d) In addition to the protections of Rule 26(b)(4), notes, memoranda, and other writings of an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. Similarly, oral and written communications with an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. For purposes of this paragraph d), such materials exempt from discovery shall be considered attorney work product.

**IT IS SO ORDERED.**

    **SIGNED this 16th day of September, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE