IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC<br><br>       Plaintiff,<br><br>  vs.<br><br>FUNAI ELECTRIC CO., LTD.;<br>FUNAI CORPORATION, INC.; AND<br>P&F USA, INC.<br><br>       Defendants | Civil Action No. 2:16-cv-105-JRG-RSP |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
<u>MOTION TO DISMISS (DKT. NO. 22)</u>**

Pursuant to the October 4, 2016 Order of this Court (Dkt. No. 49), Defendants (collectively referred to herein as "Funai") respectfully submit a Supplemental Brief in Support of its Motion to Dismiss (Dkt. No. 22) to address pertinent and dispositive issues raised in two recent Federal Circuit decisions.  *See*, *Affinity Labs of Texas, LLC v. DirecTV, LLC*, 2016 WL 5335501 (Fed. Cir. Sept. 23, 2016) ("*Affinity Labs I*") and *Affinity Labs of Texas, LLC v. Amazon.com, Inc.*, 2016 Slip Opinion (Fed. Cir. Sept. 28, 2016) ("*Affinity Labs II*").[1] Acknowledging that "precision has been elusive in defining an all-purpose boundary between the abstract and the concrete," the Federal Circuit has provided new and pertinent guidance and holdings with respect to the courts' application of Step One of the *Alice* two-part test. *See, e.g.*, *Affinity Labs I*, 2016 WL 5335501, *3-*6; *Affinity II*, slip op. at 6-7.

---

[1]   Copies of these decisions have be submitted as Exhibits O and P.  (*See*, Dkt. Nos. 48-2 and 48-3).  Both decisions have been designated precedential by the court.

### A. The Federal Circuit Has Provided New Guidance On The Application Of *Alice* Step One

The methodology applied by the Federal Circuit in the *Affinity Labs* decisions undercuts the basic premise of PMC's opposition. PMC argues in their sur-reply:

> The Federal Circuit and this Court have recently rejected Funai's Step One strategy of reducing claimed inventions to abstract ideas by lopping off specific limitations.

(Dkt. No. 47 at 3-5). This argument, however, is not only contradicted by the decisions in *Affinity Labs I and II*, it is rendered moot. Indeed, the Federal Circuit's holdings reject PMC's "grossly over-simplifying" arguments in favor of Funai's so-called "lopping off" methodology.

In both cases, the court first "stripped" the claims at issue of "excess verbiage." *Affinity Labs I*, 2016 WL 5335501,*1; *Affinity Labs II,* slip op. at 4. In *Affinity Labs I*, the Court first "stripped" subject claim 1 of U.S. Patent No. 7,970,379 ("the '379 Patent") from its original 171 words down to a more concise 54-word recitation:

> ***Stripped of excess verbiage***, claim 1 is directed to a broadcast system in which a cellular telephone located outside the range of a regional broadcaster (1) requests and receives network-based content from the broadcaster via a streaming signal, (2) is configured to wirelessly download an application for performing those functions, and (3) contains a display that allows the user to select particular content.

2016 WL 5335501, *1 (emphasis added).

The court then undertook the first step of the *Alice* test, further distilling the claims to their core concepts in order to determine whether that concept was abstract, concluding the claims were drawn to the abstract concept of "out-of-region access to regional broadcast content." *Id.* at *3. Thus, the Federal Circuit has held the methodology applied by Funai is not "grossly over-simplifying" or impermissibly "lopping off," but is precisely how the Federal Circuit *itself* engages in the "abstract idea step." *Id.*

Indeed, in *Affinity Labs I*, the court drew a stark distinction between the focus of each of the two steps in the *Alice* test:

> The "abstract idea" step of the inquiry calls upon us to look at the "focus of the claimed advance over the prior art" to determine if the **claim's "character as a whole"** is directed to excluded subject matter.

2016 WL 5335501, *3 (emphasis added).

> The "inventive concept" step requires us to **look with more specificity at what the claim elements add**, in order to determine "whether they identify an 'inventive concept' in the application of the ineligible subject matter" to which the claim is directed.

*Id.* (emphasis added).

The claims at issue in the *Affinity Labs* cases undeniably included far more definitive and tangible elements than those asserted by PMC is this case. *See, e.g.*, *Affinity Labs I*, 2016 WL 5335501, *1 (reciting claim 1 of the '379 Patent); *Affinity Labs II*, slip op. at 3-4 (reciting claim 14 of the U.S. Patent No. 8,688,085). In both cases, the Federal Circuit first stripped the claims of excess verbiage and then distilled the claims down to their most basic concept – holding claim 1 of the '379 Patent is directed to the abstract concept of "providing an out-of-region access to regional broadcast content" and holding claim 14 of the '085 Patent is directed to the concept of "delivering user-selected media content to portable devices." *See Affinity Labs I,* 2016 WL 5335501, *3; *Affinity Labs II*, slip op. at 6. Of critical importance to the present motion, the Federal Circuit reached those holdings despite the existence of tangible and concrete physical components, specific steps and functions, and despite their alleged novelty. *See, e.g.*, *Affinity Labs I*, 2016 WL 5335501, *1, *3-4; *Affinity Labs II*, slip op. at 3-4, 6-10.[2]

---

[2] The Federal Circuit also rejects PMC's arguments that the alleged novelty is relevant to the patent eligibility inquiry under *Alice*. *See, e.g.*, *Affinity Labs II*, slip op. at n.3 (holding "the eligibility finding does not turn on the lack of novelty of the claim; it turns on the fact that the claim is drawn to any embodiment of an abstract idea."); *see also, Affinity Labs I*, 2016 WL 5335501, n.3.

3

The *Affinity Labs* courts also expressly rejected PMC's arguments that the claims cannot be drawn to abstract concepts because they are restricted to a "particular technological environment."[3] Indeed, despite the fact that the court concluded the claims in *Affinity Labs I* were "not as broad as the abstract idea underlying them, which could apply to delivery of out-of-region content to any electronic device," the restriction to a "particular technological environment . . . does not alter the result." 2016 WL 5335501, *4 (confirming and clarifying its application of its prior decisions with those of the Supreme Court: "Merely limiting the field of use of an abstract idea to a particular existing technological environment does not render the claims any less abstract."). *Id.* And to ensure there was no doubt concerning its *Alice* Step One methodology, the Federal Circuit went to the ultimate extreme to make clear that specific elements are ***not*** the proper focus of the *Alice* Step One inquiry, nor do the number of specific claim elements render an abstract concept less abstract:

> Even if all the details contained in the specification were imported into the '379 claims, the result would still not be a concrete implementation of the abstract idea. In fact, the specification underscores the breadth and abstract nature of the idea embodied in the claims.

*Id*.

Thus, the Federal Circuit's holdings in the *Affinity Labs* cases expressly reject PMC's application of *Alice* Step One in favor of the methodology advanced by Funai in its motion.

---

[3] PMC's characterization of the holding in *McRO, Inc. v. Bandai Games*, 2016 WL 4896481 (Fed. Cir. Sept. 13, 2016) – asserting the claim was not abstract in *McRO* because it was directed to "a specific means of method that improves the relevant technology" is contradicted by the Federal Circuit, which properly characterized the holding -- that the "claims [were] held patent-eligible because they made 'a specific asserted improvement in computer animation'." *See, e.g.*, *Affinity Labs I*, 2016 WL 5335501, *6. Thus, *McRO*, like *Enfish*, applies only to specific improvements in computing technology, not the application of computing technology to other technological environments. *Id*. ("As in *DDR Holdings*, the focus of the claims in *Enfish* was on 'an improvement to computer functionality itself, not on economic or other tasks for which a computer is used in its ordinary capacity.'" (citations omitted)).

B.  **The Federal Circuit Requires The Party Objecting To The Use Of Representative Claims To Provide "Meaningful Argument" Why They Are Not Representative**

The Federal Circuit has rejected PMC's argument with respect to the determination of representative claims, ***holding it is proper*** to treat claims as representative based on the patent owner's failure to provide "any meaningful argument for the distinctive significance of any claim limitations other than those included" in the claim presented as representative. The *Affinity Labs II* court explained:

> The district court treated claim 14 as representative. Although Affinity has not conceded that claim 14 is representative of the remaining claims, it has not shown how independent claims 1 and 8 differ materially from claim 14. Moreover, while Affinity refers in passing to several of the dependent claims, it presents no substantive argument as to the separate patentability of those claims. Because Affinity has failed to present "any meaningful argument for the distinctive significance of any claim limitations" other than those in claim 14, *Electric Power Group, LLC v. Alstom S.A.*, No. 2015-1778 (Fed. Cir. Aug. 1, 2016), slip op. at 4, we treat claim 14 as representative of all the claims for purposes of this appeal.

*Affinity Labs II*, slip op. at n.2; *see also, e.g.*, *Affinity Labs I*, 2016 WL 5335501, n.1.

Funai applied the Federal Circuit's directive for determining whether a claim is representative, explaining how/why these representative claims are "substantially similar and linked to the same abstract idea" as the other asserted claims. (*See,* Dkt. No. 22 at 8, 11, 13, 16, 19 and 22). Having done so, Funai met the burden imposed by the Federal Circuit. *See*, *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1348 (Fed. Cir. 2014). Yet, in its opposition (Dkt. No. 28) and its sur-reply (Dkt. No. 47), PMC simply argues Funai has not met its burden. (*See, e.g.,* Dkt. No. 47 at 8-9). As provided in *Affinity Labs II*, failing to offer any "meaningful argument" as to why those representative claims are ***not*** representative is dispositive. *See*, *Affinity Labs II*, slip op. at n.2. "Because [PMC] has failed to present 'any meaningful argument for the distinctive significance of any claim limitations' other than those

in" the identified representative claims, the Court should "treat [the identified claims] as representative of all the claims for purposes of" Funai's motion to dismiss. *See*, *Affinity Labs II*, slip op. at n.2.

### C. PMC's Argument Concerning "Fact-Finding" And Disputed Issues Of Fact Are Legally And Factually Incorrect

PMC's arguments that the Court would be engaging in impermissible fact-finding in deciding Funai's motion (Dkt. No. 47 at 6-7 and 9-10) is similarly mooted by the *Affinity Labs II* decision. In *Affinity Labs II*, the patent owner raised the same argument advanced by PMC and the court concluded:

> While Affinity criticizes the magistrate's making factual findings on a motion for judgment on the pleadings, the practice of taking note of fundamental economic concepts and technological developments in this context is well supported by our precedents.

*Affinity Labs II*, slip op. at 9; *see also, id*. at 8 (court did not err in relying on common knowledge).

Even more compelling is the fact that, the alleged factual dispute upon which PMC premises its "fact finding argument" is Funai's reliance on Dr. Weaver's deposition testimony where **he recanted the cornerstones of his declaration submitted in support of PMC's opposition ("Weaver Declaration")**. (*See*, Dkt. No. 33 at § V.A.). This is not a dueling expert scenario, where PMC has offered one expert opinion and Funai presented a contrary expert's opinion or simply made attorney argument. Nor is it a situation, as PMC argues, where Funai offers no evidentiary support. To the contrary, ***Funai's evidence is Dr. Weaver's own sworn deposition testimony wherein he admitted that core claim elements were well understood, routine and conventional activities in devices in the 1980s***. As such, there are no "disputed facts." For example, PMC asserts that claim 39 of the '2,649 Patent is drawn to an inventive concept because,

> Contrary to Funai's unsupported assertions, it was not conventional or routine practice in 1987 to manage the reception of digital television signals through the use of embedded control information.

(Dkt. No. 28 at 11, citing the Weaver Declaration, ¶¶ 26-32, 35). However, Dr. Weaver admitted it was conventional for receivers to manage and control the reception of digital television signals through the use of embedded control information *at least as early as 1981*. (Exh. J at 37:23-38:15; *Id.* at 49:22-50:10). And just as in *Affinity Labs II*, PMC "makes no claim that it invented any of those components or their basic functions, nor does it suggest that those components, at that level of generality, were unknown in the art as of the priority date of the [asserted] patent." Slip op. at 9. Thus, while *Affinity Labs II* moots PMC's "fact-finding" arguments, Funai has presented evidence – in the form of an admission under oath by PMC's own expert witness – which requires no fact-finding. Dr. Weaver's admissions demonstrate the lack of any inventive concept capable of rendering the abstract idea patent eligible. *Affinity II*, slip op. at 11 ("The features set forth in the claims are described and claimed generically rather than with the specificity necessary to show how those components provide a concrete solution to the problem addressed by the patent.").

Only after Funai provided Dr. Weaver's contradictory deposition testimony did PMC decide to now assert, for the first time, that the Weaver Declaration is "not intended, nor does it claim, to serve as the definitive authority on whether certain patent claims are directed towards an abstract idea." (*See* Dkt. No. 47 at 9). This despite the fact that PMC unequivocally took the following contrary positions:

   a. thirty-three (33) of forty-three (43) citations to the Weaver Declaration in PMC's opposition brief (Dkt. No. 28) were directed at Weaver's opinion of whether a claim is patent-eligible/abstract;

   b. Weaver affirmatively states in his declaration that he was "asked to consider whether the inventions claimed in the asserted claims of the Patents-In-Suit are directed to abstract ideas and, assuming that they are, whether they amount to significantly more

7

  than the purported abstract ideas posited by Defendants in their pending Motion to Dismiss" (see Dkt. No. 28-1 at ¶1);

c. ninety (90) paragraphs out of the one-hundred-twenty-five (125) paragraphs in the Weaver Declaration provide opinions concerning the issue of patent ineligibility (*see* Dkt. No. 28-1 at ¶¶ 1, 14-19, 43-125); and

d. the section headings for paragraphs 43-125 are specifically directed to the two-step *Alice* test for patent eligibility.

PMC's attempt to distance itself from the Weaver Declaration is telling. Dr. Weaver's deposition testimony contradicts the cornerstones of PMC's assertions concerning the alleged state of the art. Thus, it is PMC, not Funai, that lacks evidence of the state of the art.

  **D. PMC's Preemption Arguments Also Fail Under *Affinity Labs I* and *II***

PMC argues that Funai's motion must fail because "Funai has not demonstrated preempting effect." (Dkt. No. 47 at 8). The lack of preemptive effect, however, is not a dispositive factor as evidenced by the fact that the claims in *Affinity Labs I* and *II* were found to be drawn to patent ineligible abstract concepts despite the complete lack of any findings, or even discussion, of preemption in either case. This is consistent with the Federal Circuit's recent statement in *McRO* (which PMC cites for the contrary position) that "we have recognized that 'the absence of complete preemption does not demonstrate patent eligibility.'" *McRO*, 2016 WL 4896481, *9, *citing Ariosa Diag., Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015).

  **E. PMC Advances New And Inaccurate Arguments In Its Sur-Reply**

First, PMC's argument that Funai's motion is identical is grossly inaccurate as Funai's motion includes evidence and arguments not included in Samsung's motion and not addressed by PMC in its opposition. PMC opted to simply submit its opposition to Samsung's motion to dismiss with only minor changes to the text.[4] *See, e.g.,* Dkt. No. 33 at 1. Most notably, Funai's

---

[4] *See PMC, LLC v. Samsung Electronics America, Inc. et al.*, Case No. 2:15-cv-01754-JRG-RSP (E.D. Tex.) ("*Samsung Litigation*"), Dkt. Nos. 23, 35, 46 and 53.

8

motion includes Dr. Weaver's contradictory deposition testimony and assumed for purposes of the motion that the claims should be construed as PMC proposed, thereby rendering that issue moot. Simply put, Funai's motion is substantively different and should not be summarily denied as PMC now claims.

Second, PMC's citation to *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1263 (Fed. Cir. 2003) omits the remainder of the quote, which properly limits its context to claim construction and, in particular: "Under the doctrine of claim differentiation, 'each claim in a patent is presumptively different in scope.'" *Id*. *RF Del.* is simply inapposite to the patent eligibility inquiry. It is beyond any dispute that the inquiry under *Alice* allows for reliance on representative claims. *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2359-60 (2014) (collectively considering and invalidating 208 computer method, media, and system claims in four patents based on two representative claims); *see also*, *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1295 (2012) ("The Supreme Court's precedents have not required a court deciding § 101 eligibility to parse each individual claim, instead finding an analysis of representative claims sufficient.").

October 7, 2016                                                  Respectfully submitted,

                                                                  */s/ Marc R. Labgold*
                                              Marc R. Labgold, Ph.D.
                                              DC Bar No. 474969
                                              mlabgold@LABGOLDLAW.com
                                              Patrick J. Hoeffner (*pro hac vice*)
                                              New York Bar No. 2801462
                                              phoeffner@LABGOLDLAW.com
                                              NAGASHIMA & HASHIMOTO
                                              12005 Sunrise Valley Drive, Suite 203
                                              Reston, Virginia 20191
                                              Tel: (703) 901-8860
                                              Fax: (877) 401-9955

Takaaki Nagashima (*pro hac vice*)
New York Bar No. 1632793
nagashima@nandhlaw.com
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-Cho, Chiyoda-ku
Tokyo 102-0093 Japan
Tel:  +81-3-3239-5750
Fax:  +81-3-3239-8538

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel:  (903) 934-8450
Fax:  (903) 934-9257

***Attorneys for the Funai Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 7, 2016, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/Melissa R. Smith