IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, <br><br> v. <br><br> FUNAI ELECTRIC CO., LTD., FUNAI CORPORATION, INC., P&F USA INC., | § <br> § <br> § Case No. 2:16-CV-00105-JRG-RSP <br> § <br> § <br> § <br> § |

### REPORT AND RECOMMENDATION

Funai moves to dismiss PMC's complaint for failure to state a claim, contending that the asserted patent claims do not recite patentable subject-matter under 35 U.S.C. § 101. Dkt. No. 22. Funai's motion should be denied for the following reasons.

### DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, PMC must plead facts to allow a court to draw a reasonable inference that Defendants are liable for the alleged patent infringement. *See id.* (citing *Twombly*, 550 U.S. at 556). At this stage, a court accepts all well-pleaded facts as true, and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

A patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The exception is that "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S.Ct. 2107, 2116 (2013) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289, 1293 (2012)). In assessing

subject-matter eligibility, a court must "first determine whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2355 (2014). If the claims are directed to an ineligible concept, the court must then "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo*, 132 S.Ct. at 1298, 1297).

Invalidity under § 101 can be declared at the pleading stage if patent eligibility can be determined on the basis of materials properly considered on a motion to dismiss, purely as a matter of law, when claim construction is unnecessary. *See Integrated Tech. Sys. v. First Internet Bank of Indiana*, Case No. 2:16-CV-00417-JRG-RSP, Dkt. No. 51 (E.D. Tex. Jan. 30, 2017).

Existing precedent does not establish a definitive rule to determine what constitutes an "abstract idea" within the meaning of *Alice*. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Rather, it is "sufficient to compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Id.*

The Court finds that the claims asserted by PMC are analogous to the claims at issue in *Enfish* and similar cases in that the claims are directed to a specific improvement in modern technology and not to an abstract idea. Funai argues that the asserted claims of the 2'649 Patent are "simply directed to a generic way of communicating information to determine which television program to display." Dkt. No. 22 at 9. The Court disagrees. The 2'649 claims are directed to overcoming problems specific to the distribution of streaming digital television programming and other digital content over computer networks. Similar to the 2'649 claims, the claims of the '650 patent are directed at a receiver station that receives and processes signals. The particularized elements of those claims are similar to the claim elements in *Enfish*.

Funai contends that the asserted claims of the '217 Patent "are directed to the abstract idea of creating a coordinated presentation of information from different media." Dkt. No. 22 at 13. The Court finds, however, that the '217 patent claims address a specific technological problem rooted in signal transmission and processing. Namely, the '217 claims allow correctly identifying the content of different media received in multiple signals to produce a coordinated presentation using two of the received media. *See, e.g.*, '217 Patent, 10:51-11:6; 21:53-22:20. Similarly, the 6'649 claims are directed to a process of matching a "signal processing scheme" to the variable format of a received digital signal to output television programming.

Finally, the Court finds that the '775 patent claims are directed to a method of handling information transmissions whose variable-length data must first be decoded before the data can be used to create video images. Accordingly, the asserted claims are not directed to an abstract idea under *Alice* Step One.

## CONCLUSION

The asserted claims recite patentable subject matter as defined by precedent interpreting § 101. Defendants motion to dismiss (**Dkt. No. 22**) should therefore be denied.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days from the entry of this Order shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 21st day of February, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE